# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RYAN SPRINGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 15 C 5437 ) ) Judge Sara L. Ellis |
| MARY DIANE SCHWARZ, WEXFORD HEALTH SERVICES INC., TARRY WILLIAMS, and ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Ryan Springs suffered from an injuinal hernia while an inmate at the Stateville Correctional Center ("Stateville") [1] from January to April 2015. Springs brings this lawsuit under 42 U.S.C. § 1983 against Defendants Mary Diane Schwarz, Tarry Williams, Wexford Health Sources, Inc. ("Wexford"), [2] and the Illinois Department of Corrections ("IDOC") alleging that they were deliberately indifferent to his medical needs and failed to provide him with adequate medical care for his hernia. Defendants move to dismiss Springs' second amended complaint on various grounds under Federal Rule of Civil Procedure 12(b)(6). Schwarz moves to dismiss the second amended complaint for impermissible group pleading [45]. Wexford moves to dismiss the complaint for failure to state a claim against it [60]. IDOC and Williams move to dismiss the complaint because state agencies and state officers in their official

---

[1] In his second amended complaint, Springs refers to this facility as "NRC Statesville." According to the Illinois Department of Corrections website, "NRC" stands for "Northern Reception and Classification Center" and the proper spelling of the facility is "Stateville." The Court will refer to the location as "Stateville" throughout this Opinion.

[2] In his second amended complaint, Springs names "Wexford Health Services Inc." as a Defendant. The company states in its motion to dismiss that its correct name is "Wexford Health Sources, Inc." The Court will refer to the company as "Wexford" throughout this Opinion.

capacity are not subject to suit under Section 1983 [53]. Because Springs has alleged facts sufficient to put Schwarz on notice of the claims against her, the Court denies Schwarz's motion to dismiss. However, the Court finds that Springs has failed to state a claim against Wexford and therefore grants Wexford's motion to dismiss. The Court also grants IDOC and Williams' motion to dismiss as unopposed by Springs.

## BACKGROUND[3]

On or about January 7, 2015, Springs was transferred from the Kane County Jail to Stateville as a result of a court writ. At that time, Springs had a long-standing medical history related to an injuinal hernia. Before his transfer to Stateville, Springs had received pain medication and special accommodations for his condition while he was incarcerated. However, after Springs arrived at Stateville, he was not provided his prescribed medications or other accommodations to treat the pain he suffered due to the hernia. As a result, Springs began experiencing increasingly intense and extreme pain and disability. Springs informed a nurse at Stateville about his condition and spoke with Schwarz, who was a physician's assistant at Stateville at the time. Schwarz told Springs that she could not provide him with medication until he was examined by a doctor, which she assured him would take place the next day. However, Springs was not seen by a doctor and he filed an emergency grievance on January 11, 2015.

Springs continued to write request slips and grievances regarding his condition but he received no response or acknowledgment from jail administration. Springs also spoke to nurses at Stateville, who directed him to follow prison protocol but did not explain to Springs what the protocol entailed. Springs was not examined by medical personnel until March 3, 2015. On that

---

[3] The facts in the background section are taken from Springs' second amended complaint and are presumed true for the purpose of resolving Defendants' motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

day, Schwarz examined him and told him that nothing could be done to treat his medical condition because Stateville was not Springs' "parent facility." Doc. 43 ¶ 19.

While in custody at Stateville from January 7, 2015 to April 7, 2015, Springs' condition "worsened each day." *Id.* ¶ 15. He suffered from "obvious signs and symptoms associated with severe pain including nausea and vomiting." *Id.*

Springs continued to submit grievances and wrote to the Administrative Review Board, but did not receive a response. Springs also submitted correspondence to Williams, but Williams "summarily denied [Springs'] request and grievances." *Id.* ¶ 21.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

ANALYSIS

I.      **Schwarz's Motion to Dismiss**

Schwarz argues that the Court should dismiss Springs' second amended complaint in its entirety for impermissible "group pleading."  Schwarz contends that, by referencing "the Defendants" as a group throughout his allegations, Springs does not adequately identify the alleged wrongful conduct attributable to each of the four named Defendants.  Rule 8(a) does not require a plaintiff, "without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific [defendant]."  *Koh v. Graf*, No. 11-cv-02605, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013).  At the motion to dismiss stage of proceedings, all that is required is that the plaintiff put the defendants on notice of his claims by alleging a short and plain statement showing that he is entitled to relief.  *Sanders v. City of Chicago Heights*, No. 13 C 0221, 2014 WL 5801181, at *3 (N.D. Ill. Nov. 7, 2014).  Group pleading that refers to "Defendants" collectively is sufficient under Rule 8 when a plaintiff provides enough detail about the nature of the allegations to put each defendant on fair notice of the claims.  *Frazier v. U.S. Bank Nat'l Ass'n*, No. 11 C 8775, 2013 WL 1337263, at *3 (N.D. Ill. Mar. 29, 2013) (collecting cases).

Here, Springs has pleaded sufficient facts in his second amended complaint to put Schwarz on notice of the claims against her.  Springs states that the alleged conduct took place while he was in custody at Stateville from January 7, 2015 to April 7, 2015.  He alleges that during that time, Schwarz advised him that "she could not give him any pain medications until he was examined by a doctor and assured him that he would see a doctor the following day."  Doc. 43 ¶ 16.  Springs further alleges that Schwarz examined Springs on March 3, 2015 and "informed him that no pain medication or any other actions could be taken for his medical

condition." *Id.* ¶ 19.  In addition, Springs alleges that "[a]t all times relevant to the allegations in this Complaint, each individual Defendant knew of and disregarded the risks associated with Mr. Spring[s]'s serious medical condition and failed to ensure that he received prompt and adequate medical care during the time he was confined at NRC State[]ville." *Id.* ¶ 35.  He further states in his complaint that "[t]he acts and omissions of each individual Defendant caused Mr. Springs damages in that he suffered ongoing and extreme physical and mental pain while he was in Defendants' custody." *Id.* ¶ 40.  These specific allegations, along with the other facts alleged by Springs in his second amended complaint are adequate to inform Schwarz of the wrongful conduct alleged against her.  The Court therefore denies Schwarz's motion to dismiss.

## II.  Wexford's Motion to Dismiss

Wexford argues that Springs fails to allege facts sufficient to state a claim against Wexford for § 1983 liability.  A private company may be held liable under § 1983 for deliberate indifference pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority.  *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).  The policy or practice "must be the direct cause or moving force behind the constitutional violation." *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted).

Although *Monell* claims may proceed with conclusory allegations of a policy or practice, some facts must be pleaded to put the defendant on notice of the alleged wrongdoing.  *Armour v.*

5

*Country Club Hills*, No. 11 C 5029, 2014 WL 63850, at *6 (N.D. Ill. Jan. 8, 2014) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), and *Riley v. County of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010)). Allegations that are vague, broad, and lacking sufficient detail to put the defendant on notice are insufficient to support a *Monell* claim. *See Mikolon v. City of Chicago*, No. 14 C 1852, 2014 WL 7005257, at *4–5 (N.D. Ill. Dec. 11, 2014) (dismissing *Monell* claims that contained "only boilerplate conclusions, not well-pleaded facts," noting that the claim "approaches too closely a claim that seeks to hold the City responsible for all official actions of its employees"). Similarly, speculative allegations regarding a policy or practice are also insufficient. *See Young v. Obaisi*, 15-cv-2412, 2015 WL 8013437, at *3 (N.D. Ill. Dec. 7, 2015) (dismissing as insufficient plaintiff's highly speculative and extremely vague claim that employees' alleged conduct "rais[ed] a question of a policy or custom of deliberate disregard for medical care"); *see also Peacock v. Rigsby*, 15 C 1884, 2016 WL 1383232, at *3 (N.D. Ill. Apr. 7, 2016) (finding that a lack of factual allegations plausibly establishing that a cost-cutting policy exists or that such a policy could have caused the injury, is insufficient to state a claim under *Monell*).

A plaintiff pursuing a widespread policy or practice claim under *Monell* generally must allege more than one or even three instances of misconduct. *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (declining to adopt a "bright-line rule[]" but indicating that there must be "more than one instance, or even three" of wrongdoing (citation omitted) (internal quotation marks omitted)). An official policy or custom is not a "random event." *See Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008). Therefore, although it is "not impossible for a plaintiff to demonstrate the existence of an official policy or custom by presenting evidence limited to his experience," it is "necessarily more difficult" to do so. *Id.*

(holding that evidence of four incidents that plaintiff alone experienced failed to meet the test of a widespread unconstitutional practice by the jail). Allegations of a policy or practice that are unsupported by any facts regarding other inmates' experiences and that do not "shed any light" on what the alleged policy might be are insufficient to state a *Monell* claim. *See Arita v. Wexford Health Sources, Inc.*, No. 15-cv-01173, 2016 WL 6432578, at *3 (N.D. Ill. Oct. 31, 2016) (dismissing plaintiff's "factually unsupported, boilerplate allegation" regarding a general policy of ignoring inmates' requests for medical attention).

In his second amended complaint, Springs' allegations related to Wexford's policies or practices consist of two sentences. First, he alleges that "[b]ased on the misconduct of its staff, it would appear that [Wexford] implemented a cost-cutting policy which resulted in a reduction in medical staff making it difficult for Wexford's medical staff to provide timely medical treatment and administration of medication." Doc. 43 ¶ 24. This allegation is speculative, unsupported by any factual allegations, and contains no facts regarding other inmates' experiences. Springs also alleges that Wexford "had other practices and policies which directly caused the medical staff to provide inadequate administration of prescribed medications and treatments to Mr. Springs." *Id.* ¶ 25. This statement also lacks any facts regarding other inmates' experiences. Furthermore, it fails to "shed any light" on what the "other practices and polices" might be. Springs' second amended complaint contains no other details regarding the alleged policies and practices. In light of these deficiencies, the Court finds that Springs fails to plead sufficient facts to state a *Monell* claim against Wexford.

Wexford also argues that Springs cannot assert a claim against Wexford under vicarious liability because such liability is not available under § 1983. "*Respondeat superior* liability does not apply to private corporations under § 1983." *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789

(7th Cir. 2014). Therefore, to the extent Springs seeks to bring a § 1983 claim against Wexford for *respondeat superior* liability, his claim must fail. Wexford further argues that Springs fails to state a claim against Wexford for individual liability because he has not alleged any specific acts of wrongdoing by Wexford individually. Section 1983 "creates liability only for a defendant's personal acts or decisions" and "does not authorize 'supervisory liability.'" *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Springs does not allege in his second amended complaint or argue in his opposition to Wexford's motion to dismiss that Wexford participated in wrongful conduct aside from the alleged policies and practices. Because Springs fails to state a claim against Wexford, the Court grants Wexford's motion to dismiss.

### III. IDOC and Williams' Motion to Dismiss

IDOC and Williams move to dismiss the second amended complaint under Rule 12(b)(6). IDOC argues that it should be dismissed as a party from the case because it is an agency of the State of Illinois and state agencies are not subject to suit under § 1983. Similarly, Williams, who was sued in both his individual and his official capacity, argues that he should be dismissed in his official capacity because state officers in their official capacities are also not subject to suit under § 1983.

"[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68–69, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). Therefore, § 1983 claims against state agencies should be dismissed. *See Randall v. City of Rock Falls*, No. 10 C 50123, 2011 WL 6347910, at *2 (N.D. Ill. Dec. 19, 2011) (citing *Will*, 491 U.S. at 71; *Johnson*, 165 F.3d at 1141) (dismissing § 1983 claim against IDOC and other state

agencies); *Atkins v. Illinois*, No. 10 C 6986, 2011 WL 5387623, at *2 (N.D. Ill. Dec. 21, 2010) ("Plaintiff cannot sue Illinois or the IDOC under 42 U.S.C. § 1983 because states and their agencies are not 'persons' subject to suit under § 1983." (citing *Johnson*, 165 F.3d at 1141)). In addition, "[o]fficial capacity suits are actions against the government entity of which the official is a part." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 870 (7th Cir. 1983)). A plaintiff who sues a state employee in the employee's "official capacity" is suing the state entity. *Id.* at 732–733. Therefore, a § 1983 suit cannot be brought against a state employee in the employee's official capacity. *Id.*; s*ee also Rivera v. Walker*, No. 05 C 6272, 2006 WL 897743, at *2 (N.D. Ill. Mar. 30, 2006) (dismissing § 1983 claims against IDOC employees in their official capacities); *Fox v. Ghosh*, No. 09 C 5453, 2010 WL 345899, at *5 (N.D. Ill. Jan. 26, 2010) ("Nor can a plaintiff sue government officials in their official capacity under section 1983.").

In his response to IDOC and Williams' motion to dismiss, Springs concedes that IDOC and Williams, in his official capacity, cannot be sued under § 1983. However, Springs maintains his § 1983 claim against Williams in his individual capacity. The Court dismisses the claims against IDOC and Williams in his official capacity. Springs may proceed with his claim against Williams in his individual capacity.

## CONCLUSION

For the foregoing reasons, the Court denies Schwarz's motion to dismiss [45], grants Wexford's motion to dismiss [60], and grants IDOC and Williams' motion to dismiss [53]. The Court dismisses Wexford, IDOC, and Williams in his official capacity as Defendants in this action.

Dated: September 19, 2017

_____
SARA L. ELLIS
United States District Judge